The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.

_____
Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 6 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 11-32001 |
| | Chapter 7 |
| David L. Hahn and Darlene A. Hahn, | |
| | Adv. Pro. No. 11-3146 |
| Debtors. | |
| | Hon. Mary Ann Whipple |
| Bonita D. Ash and Wilhelm L. Ash, | |
| Plaintiffs, | |
| v. | |
| David L. Hahn, | |
| Defendant. | |

## MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court upon Plaintiffs' "First Amended Complaint to Determine Dischargeability of Debt" ("Complaint") [Doc. #12]. Defendant is one of the joint debtors in Chapter 7 Case No. 11-32001 in this court. Plaintiffs Bonita D. Ash and Wilhelm L. Ash are individual creditors of Defendant.

On October 31, 2011, the Clerk issued an alias summons and notice of pre-trial conference [Doc. # 14]. The return on service [Doc. # 15] shows that the alias summons and Complaint were timely served on Defendant at his address as set forth in his petition in the underlying Chapter 7 case by personal service. Fed. R. Bankr. P. 7004(b); Fed. R. Civ. P. 4(e)(2)(A). The alias summons required an answer or other response to the Complaint to be filed by November 30, 2011.

On December 6, 2011, the court held a pre-trial scheduling conference. Attorney for Plaintiffs

appeared in person. There was no appearance by or on behalf of Defendant at the pretrial conference and no answer or other response to the complaint had been filed and served. The Clerk accordingly entered Defendant's default on the Complaint [Doc. ## 20, 23]. Plaintiffs filed a motion for default judgment ("Motion") [Doc. # 16]. The Motion was served by first class United States mail on Defendant at the address in his petition. The Clerk scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant by first class mail sent to the address in his petition. [Doc. ## 19, 22].

On January 17, 2012, the court held a hearing on the Motion. Attorney for Plaintiffs appeared in person at the hearing. There was no appearance by or on behalf of Defendant. A review of the record shows that no answer or other response to the Complaint or Motion has been filed. Plaintiffs' counsel certified in an Affidavit filed with the Motion that Defendant is not in the military service to the best of his knowledge and information, complying with the Servicemembers Civil Relief Act. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiffs' Motion for Default Judgment will be **GRANTED.**

The legal basis for the Complaint is 11 U.S.C. § 523(a)(2)(A), which provides that a debt incurred under certain circumstances involving fraud shall be excepted from a debtor's bankruptcy discharge. The debt in issue is $30,737.00 paid by Plaintiffs to Defendant and to an entity directed and controlled by Defendant for home improvements and kitchen remodeling that were never completed. Plaintiffs allege that they transmitted the funds to Defendant and the related entity as a result of misrepresentations made by Defendant upon which they justifiably relied to their detriment.

The district court has jurisdiction over the Debtors' underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the alias summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b) and Fed. R. Civ. P. 4(e)(2)(A) incorporated therein, has been duly and properly been served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address in the Chapter 7 petition and as specified in the Complaint has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiffs to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709(Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. Of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742. In this case, the detailed and well-pleaded factual allegations of the Complaint, including authenticating exhibits thereto, substantiate and establish the cause of action against Defendant.

Plaintiffs rely on § 523(a)(2)(A) of the Bankruptcy Code, as follows, in contending that Defendant incurred a debt to them that should be excepted from his discharge.

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a)(2)(A). The specific parts of § 523(a)(2)(A) raised by the Complaint and the affidavit are conduct involving "false representations" and "actual fraud."

For purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts, " *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983), with a "'false representation' ... [being] an express misrepresentation," *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)). In addition, § 523(a)(2)(A) also addresses "actual fraud" as a concept broader than misrepresentation. *See McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R.

3

at 877 (quoting *Gerad v.Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)). In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. *Id.* at 281.

A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.*; *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281-82 (6th Cir. 1998). A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

The court finds that the well-pleaded averments of Plaintiffs' Complaint, as substantiated by the documents attached thereto, constitute a valid cause of action under § 523(a)(2)(A) and deems them as true as a result of Defendant's default. Misrepresentations made by Defendant in causing Plaintiffs to pay either the entity he controlled or him three sums totaling $30,737.00 are detailed at paragraphs 9, 11, 12, 14, 16 and 18 of the Complaint. The course of Defendant's conduct and the overall factual circumstances shown in the Complaint, including admissions by Defendant in conversation with Plaintiffs as stated in the Complaint, show, and the court finds, that Defendant acted with the requisite fraudulent intent in obtaining from Plaintiffs the checks and funds at issue. The Complaint also demonstrates that Plaintiffs relied upon Defendant's misrepresentations [Complaint, ¶ 25] and that their reliance was justifiable given Defendant's experience in the kitchen remodeling business [Complaint ¶ 8]. While the initiation of the debtor/creditor relationship between the parties had its genesis in a contract, the averments of the Complaint reach beyond mere breach of contract and establish fraud in inducement of the contract and in all three instances upon which funds were requested by Defendant from Plaintiffs and then transmitted to him.

Plaintiffs have established that Defendant has incurred a debt to them that is non-dischargeable under § 523(a)(2). They also request that the court enter a money judgment against Defendant on account of that debt. The Sixth Circuit authorizes bankruptcy courts to enter money judgments in actions seeking to except debts from discharge. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir. 1993).

Averments in a complaint respecting damages are not necessarily entitled to the same presumption of truthfulness upon default as other averments. *Au Bon Pain Corp.,* 653 F.2d at 65. In this instance, however, the averments and the damages sought focus on liquidated sums transmitted by Plaintiffs, as substantiated by authenticated copies of two of the checks and the contract notes and documents attached as exhibits to the Complaint. The court does not find it necessary in this case to hear additional evidence under Rule 55(b)(2) to determine damages.

The Complaint raises an additional issue that must be addressed. The underlying contract is with a corporation, David Hahn, Inc. The first check from Plaintiffs was payable to the corporation. [Complaint, Ex. 3]. The second check is not attached as an exhibit, but the Complaint avers that Plaintiffs paid Defendant. [Complaint, ¶ 10; *see* Ex. 4]. The third check was payable to Defendant. [Complaint, Ex. 5]. These facts raise the issue whether Defendant can be liable for the check made payable to the corporation.

The Sixth Circuit Court of Appeals decision in *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172 (6th Cir. 1996), addresses this issue. In *Brady*, the Sixth Circuit adopted what has been referred to as the "benefits theory" as to whether a debtor must personally receive money or services as the result of a false representation in order for the § 523(a)(2)(A) exception to apply. The Sixth Circuit held that a creditor must prove that the debtor directly *or indirectly* obtained some tangible or intangible financial benefit in order to prevail under § 523(a)(2)(A).[1] It does not require, however, that the debtor directly and personally obtain every dollar lost by the creditor. In *Brady*, the plaintiff creditor successfully proved that the debtor sufficiently benefitted when a corporation that he controlled was the recipient of $40,000.00 from the creditor. Here, the averments of the Complaint establish the applicability of *Brady* in this case with respect to the check payable to the corporation. Paragraphs 5 and 21 establish that Defendant benefitted from the check payable to the corporation and that the debt may therefore may be excepted from Defendant's discharge.

Based on the foregoing reasons and authorities, Plaintiffs' Motion for Default Judgment

---

[1] Subsequently, in *Rembert*, the Sixth Circuit stated the first element of a claim under § 523(a)(2)(A) as requiring proof that the "debtor" obtained money, credit, *etc*. This court does not understand the Sixth Circuit's statement of the elements of a § 523(a)(2)(A) claim in *Rembert* as overruling *Brady*. In *Rembert*, the issue was simply the dischargeability of the debtor's credit card debt. There was simply no issue, as there was in *Brady*, that the debtor had received direct credit from creditor AT&T Universal.

5

[Doc. # 16] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

    **IT IS SO ORDERED.**